UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PIERRE BIEL** | * | CIVIL ACTION |
| | * | No. 13-5399 |
| versus | * | |
| | * | SECTION "H" |
| **DINARA BEKMUKHAMEDOVA** | * | JUDGE JANE TRICHE-MILAZZO |
| | * | |
| | * | MAGISTRATE:      "3" |
| | * | JUDGE DANIEL E. KNOWLES, III |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### ANSWER TO PETITIONER'S VERIFIED PETITION
### FOR RETURN OF CHILD

**NOW COMES** Dinara Bekmukhamedova, defendant/"respondent" herein, who respectfully answers the petition of Pierre Biel as follows:

**1. and 2.**

Defendant admits that the U.S.A. and Luxembourg are parties to the Hague Convention. The remaining allegations of the "preamble" contained in paragraphs 1 and 2 of plaintiff's petition do not represent factual allegations and generally do not appear to require a response on the part of the defendant. Nevertheless, they are denied out of an abundance of caution.

**3.**

Defendant denies that the minor child was unlawfully removed from Luxembourg or unlawfully retained in United States. However, defendant does not dispute this Court's jurisdiction in this case.

**4.**

It is admitted that petitioner Biel is a citizen of Luxembourg. Respondent admits that she is presently a citizen of Kazakhstan. However, defendant is a green card holder in the United States and she is presently in the process of obtaining her U.S. citizenship. Defendant admits that

1

he and Mr. Biel are the parents of the minor child VPZB who was born in Luxembourg on January 21, 2012. VPZB has a passport issued by Luxembourg.  Defendant denies that the parties jointly carried out their parental responsibilities in Luxembourg, but contends that she has at all times been the primary care giver to the minor child. To the extent that the plaintiff asserts that both parents had parental rights and responsibilities under Luxembourg law defendant denies this allegation for lack of sufficient proof to justify a belief therein.

**5.**

The allegations of paragraph 5 of plaintiff's petition are denied as written. On October 18, 2012 the family traveled from Luxembourg to New York in order for defendant to retain her U.S. Green Card.  Defendant Bekmukhamedova and Mr. Biel subsequently decided that it was in defendant's best interest to obtain her U.S. Citizenship.  Biel then traveled back to Luxembourg while defendant and the minor child remained in New York in order that she could begin the process of obtaining her U.S. Citizenship.  Defendant later learned that she would be able to obtain her U.S. Citizenship more quickly if she traveled to New Orleans, Louisiana to complete the process. Defendant made Biel aware of this fact, and Biel did not object to defendant obtaining her U.S. Citizenship nor did he object to the minor child remaining in the U.S.  On February 9, 2013 defendant informed Biel of her address in New Orleans, Louisiana. Subsequently Biel has visited defendant and the minor child in New Orleans.

**6.**

The allegations of paragraph 6 of plaintiff's petition are denied.

**7.**

The allegations of paragraph 7 of plaintiff's petition are denied.

**8.**

The allegations of paragraph 8 of plaintiff's petition are denied. Contrary to what is alleged, the minor child left Luxembourg with the full knowledge and consent of Mr. Biel. Moreover, the child remained in the United States with the knowledge and consent of Mr. Biel, until such time as Biel apparently concluded that it was necessary for him to lodge an objection in order to build a legal case pursuant to the Hague convention.

**9.**

It is admitted that Biel retained counsel in Luxembourg and that he commenced an action in Luxembourg on February 18, 2013 by filing a suit to establish custody and residence of the minor child. The remaining allegations of paragraph 9 of plaintiff's petition are denied.

**10.**

The allegations of paragraph 10 of plaintiffs' petition relate to findings made by the court in Luxembourg. Defendant submits that the judgment of the court is the best evidence of its contents. Defendant submits that she did not receive service of notice of the March 13, 2013 hearing held at the Juvenile and Guardianship Court at the Luxembourg District Court, and therefore she did not attend. As a result, the Guardianship Judge set a hearing for Wednesday, June 5, 2013.

**11.**

The allegations of paragraph 11 of plaintiff's petition are denied for lack of sufficient proof to justify a belief therein.

**12.**

The allegations of paragraph 12 of plaintiffs' petition relate to findings made by the court in Luxembourg. Defendant submits that the judgment of the court is the best evidence of its contents.

**13.**

The allegations of paragraph 13 of plaintiff's petition are denied as written. In October of 2012 the family traveled from Luxembourg to New York in order that defendant could be eligible to retain her U.S. Green Card. Defendant and Biel subsequently decided that it was in defendant's best interest to obtain her U.S. Citizenship. Biel traveled back to Luxembourg without the minor child while defendant and the minor child remained in New York with Biel's full knowledge and consent. Defendant denies that the child was wrongfully removed as alleged. VPZB was nine months old when he and his parents traveled from Luxembourg to the United States and thus it is denied that he was completely settled and integrated in Luxembourg life and culture.

**14.**

To the extent that it is alleged that the child was removed from Luxemburg under false pretenses or that the child's rights were violated through a wrongful retention in the United States, those allegations are denied. To the extent that the orders of the Luxemburg court are relevant, defendant demands strict proof thereof.

**15**

The question of whether the Convention applies to this case is an issue of law for the Court.

**16.**

The allegations of paragraph 16 of the Petition are denied. It is specifically denied that the petitioner was tricked into bringing the child into the United States.

**17.**

The allegations of paragraph 17 of the Petition are denied. The allegation that "respondent's removal was wrongful" is denied.

**18.**

The allegations of paragraph 18 represent a statement of law.

**19.**

The allegation that "respondent's retention of VPZB was wrongful" is denied. It is denied that there was an abduction or wrongful retention. Contrary to petitioner's allegation that he has had only minimal contact with his son, petitioner has had numerous opportunities to visit with the child and he has never been denied access to or visitation with the child at any time. The statement in paragraph 19 regarding the definition of "wrongful retention" appears to represent a statement of law.

**20.**

It is denied that VPZB is being illegally held in custody, confinement, and/or restraint. It is denied that any irreparable harm has occurred or will occur to the child or to the petitioner's interests. The allegation that the child is being denied access to his father, his father's family and his culture, or that the child is being wrongfully detained in Louisiana is denied. Contrary to the allegations of this paragraph, petitioner has had contact and visitation with his son.

**21.**

The allegations of paragraph 21 do not appear to call for a response on the part of the defendant but nevertheless are denied out of an abundance of caution.

**22.**

It is admitted that the state referred to in section 5(b) is the State of Louisiana. Defendant admits that the UCCJEA represents applicable statutory law.

**23.**

The allegations of paragraph 23 do not appear to call for a response on the part of this defendant. Defendant admits that the petitioner has made the request for immediate access to the child.

**24.**

The allegations of paragraph 24 of the Petition are categorically denied. Petitioner is well aware that the defendant has been ordered not to leave the jurisdiction as it is the petitioner who had filed pleadings in state court which resulted in an order requiring that the child remain within the state of Louisiana. Moreover, Judge Jupiter of the Civil District Court has possession of the child's passport. Petitioner's demand for a further order of this Court that this child remain in the jurisdiction is duplicitous. In any event, neither defendant nor the child will be leaving the jurisdiction of the Court until they have the authority to do so by all courts with jurisdiction.

**25.**

The allegations of paragraph 25 of the Petition appear to be rhetorical and do not seem to require a response on the part of the defendant. Nevertheless, the allegations are denied out of an abundance of caution. Defendant specifically denies that the minor child, VPZB, has been abducted.

**26.**

The allegations of paragraph 26 of the Petition do not appear to require a response on the part of this defendant.

**27.**

Defendant denies that there has been any wrongful removal or wrongful retention of the child and denies that she is liable for any of petitioner's expenses.

**28.**

The allegations of paragraph 28 of the Petition are denied.

**29.**

The allegations of paragraph 29 of the Petition represent details which petitioner is required to provide pursuant to the UCCJEA. Defendant denies that the minor child is in a "forced location". Defendant admits that there is a pending case in the Civil District Court for the Parish of Orleans, which case was initiated by the petitioner. Defendant further admits that the state court judge is in possession of the minor child's passport and that defendant is under a court order for the minor child not to leave the jurisdiction of the Civil District Court.

## AFFIRMATIVE DEFENSES

AND NOW, in further answer to the Petition filed herein, defendant Dinara Bekmukhamedova respectfully represents as follows:

**I.**

Defendant submits that the petitioner consented to the minor child's removal from Luxemburg and to his retention in the United States of America. Defendant also pleads as an affirmative defense under the provisions of the Hague Convention that the child was not

wrongfully retained nor removed from the country of Luxemburg.  Thus, pursuant to provisions of the Hague Convention, this Court has the discretion to deny the Petition.

## II.

Defendant pleads an affirmative defense pursuant to Article 13 of the Hague Convention, that the return of the child to the country of Luxemburg would expose him to a grave risk of psychological harm, or that the return would otherwise place the child in an intolerable situation. In particular, defendant maintains that under the circumstances of this case, separating the 19 month old child, VPZB, from his mother will undoubtedly cause significant and lasting psychological trauma and injury to the minor child.

## III.

As an additional affirmative defense defendant would show that the removal of the minor child VPZB from the United States at this time would also present an intolerable situation for the minor child and his mother, as the removal of the child from the country at this time will prevent him from becoming a citizen of the United States of America.  Alternatively, to the extent that the return of the child to Luxembourg would prevent the child from acquiring United States citizenship it may tend to violate the fundamental principles of human rights and freedoms expected by residents of this country, as per Article 20 of the Convention.

WHEREFORE, defendant and respondent Dinara Bekmukhamedova prays that this answer be filed and that after due proceedings had that the claims of the petitioner Pierre Biel be denied and dismissed, and that defendant be permitted to retain the minor child VPZB in the United States, and all further relief as the law, equity, and the cause may require.

    Respectfully Submitted:
BOOTH & BOOTH
/s/ Vincent J. Booth
VINCENT J. BOOTH (#18565)
138 North Cortez Street
New Orleans, Louisiana 70119
Telephone:  (504) 482-5292
Facsimile:  (504) 482-5847
Email: vbooth@boothandbooth.com

KYLA L. ROGERS (# 32664)
KYLA ROGERS LAW, LLC
138 North Cortez Street
New Orleans, Louisiana 70119
Telephone:  (504) 482-5292
Facsimile:  (504) 482-5847
Email: kyla.rogers@gmail.com

Attorneys for Dinara Bekmukhamedova

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Vincent J. Booth
Vincent J. Booth (#18565)